# United States Court of Appeals for the Federal Circuit

05-1009, -1487

IPXL HOLDINGS, L.L.C.,

Plaintiff-Appellant,

v.

AMAZON.COM, INC.,

Defendant-Appellee.

Jan M. Conlin, Robins, Kaplan, Miller & Ciresi LLP, of Minneapolis, Minnesota, argued for plaintiff-appellant. With her on the brief were Richard M. Martinez, Emily M. Rome and Nicole E. Narotzky. Of counsel was Munir R. Meghjee.

David K. Callahan, Kirkland & Ellis LLP, of Chicago, Illinois, argued for defendant-appellee. With him on the brief were Thomas G. Pasternak; and Edward C. Donovan, of Washington, DC. Of counsel were David Rokach, of Chicago, Illinois; Christine E. Duh and David S. Olson of San Francisco, California.

Appealed from: United States District Court for the Eastern District of Virginia

Judge Leonie M. Brinkema

# United States Court of Appeals for the Federal Circuit

05-1009, -1487

IPXL HOLDINGS, L.L.C.,

Plaintiff-Appellant,

v.

AMAZON.COM, INC.,

Defendant-Appellee.

_____

DECIDED:  November 21, 2005

_____

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

Plaintiff-appellant IPXL Holdings, L.L.C. ("IPXL") appeals the judgment of the United States District Court for the Eastern District of Virginia granting summary judgment in favor of Defendant-appellee Amazon.com, Inc. ("Amazon"), see IPXL Holdings, L.L.C. v. Amazon.com, Inc., 333 F. Supp. 2d 513 (E.D. Va. 2004) ("Summary Judgment"), and awarding Amazon attorney fees, see IPXL Holdings, L.L.C. v. Amazon.com, Inc., No. 04-CV-70 (E.D. Va. Sept. 24, 2004) ("Attorney Fees").  IPXL sued Amazon, alleging that Amazon's "1-click system" infringed claims 1, 2, 9, 15 and 25 of its U.S. Patent No. 6,149,055 ("the '055 patent").  The district court found that Amazon's system did not infringe the '055 patent and that all relevant claims were invalid.  Finding that the case was "exceptional," the district court awarded Amazon

attorney fees and costs under 35 U.S.C. § 285. Because we agree that claims 1, 2, 9, 15 and 25 are invalid, we affirm the district court's grant of summary judgment on invalidity and need not reach its ruling on noninfringement. However, because Amazon did not timely file its motion for attorney fees under Fed. R. Civ. P. 54(d)(2)(B), we reverse the district court's grant of attorney fees and costs.

I

The '055 patent, entitled "Electronic Fund Transfer or Transaction System," is directed to a system for executing electronic financial transactions, such as an electronic fund transfer system, including automated teller machines ("ATMs") or point of sale ("POS") terminals. The essence of the '055 patent is that the system stores information previously defined by the user and displays that information to the user in a single screen, from which the user may select a transaction. Thus, the system allows the user to execute a financial transaction in fewer steps.

Representative claim 1 reads as follows:

An electronic financial transaction system for executing financial transactions, the transactions being characterized by a transaction type and a plurality of transaction parameters, the system comprising:
    a central controller;
    a communications network;
    a terminal device selectively connectable to the central controller through the communications network, the terminal device comprising:
    a processor;
    a display connected to the processor;
    an input mechanism for providing input to the processor;
    the system further comprising means for storing user defined transaction information, the transaction information comprising at least one of user defined transactions and user defined transaction parameters;
    the processor causing the display to display on a single screen stored transaction information; the input mechanism enabling a user to use the displayed transaction information to execute a financial transaction or to enter selections to specify one or more transaction parameters.

05-1009, -1487                                                    2

'055 patent, col. 20, ll. 24-46. Claims 2, 9, 15 and 25 recite the system of claim 1, with additional limitations.

The accused system, the 1-click system, enables customers to purchase goods online from Amazon.com. The system allows customers who have previously stored information, including credit card numbers and shipping addresses, to place an order without having to reenter the stored information. Amazon stores each order placed using the 1-click system for ninety minutes, during which time the order can be modified or cancelled. At the end of ninety minutes, the orders remaining in the system are finalized; once the orders have been finalized and the goods have been shipped, Amazon requests funds from the user's credit card.

The district court, having construed the claim terms, found that the 1-click system did not meet the following claim limitations: "electronic financial transaction," "stored transaction information," and "single screen." The district court also found that claims 1, 2, 9 and 15 were anticipated, and thus invalid under 35 U.S.C. § 102, as each limitation of the claims was disclosed by U.S. Patent No. 5,389,773 ("the Coutts patent"). Further, the district court found that claim 25 was indefinite, and thus invalid under 35 U.S.C. § 112, as it claimed both a system and a method for using that system. Finding the case to be "exceptional," the district court awarded attorney fees and costs under 35 U.S.C. § 285. On June 28, 2005, the district court set attorney fees and costs in the sum of $1,674,645.82, plus interest. See IPXL Holdings, L.L.C. v. Amazon.com, Inc., No. 04-CV-70 (E.D. Va. June 28, 2005).

On appeal, IPXL argues that the district court erred in several respects with regard to claim construction and that its judgment of noninfringement is therefore

05-1009, -1487                 3

incorrect. IPXL also challenges the district court's determination that the Coutts patent anticipated claims 1, 2, 9 and 15 of the '055 patent, arguing that the Coutts patent does not disclose three aspects of the "single screen" limitation: a single screen, on which a stored transaction is displayed, and from which a user may select transaction parameters. IPXL further argues that claim 25 does not contain a method limitation within an apparatus claim and that the claim is therefore not indefinite. IPXL also challenges the award of attorney fees on the grounds that Amazon's motion for attorney fees was untimely under Fed. R. Civ. P. 54, as it was made more than fourteen days after entry of judgment. IPXL also argues that attorney fees were not warranted, as there was no showing of subjective bad faith such that the case cannot be found to be "exceptional."

Amazon argues that there was no error in the district court's claim construction and that both the decisions on noninfringement and invalidity are correct. Amazon also argues that its motion for attorney fees was timely and that, in any case, it was within the district court's discretion to allow the motion. Finally, Amazon argues that the case was "exceptional" and that the district court properly exercised its discretion to award attorney fees.

We hold that the district court correctly found that claims 1, 2, 9 and 15 are anticipated by the Coutts patent and that claim 25 is indefinite. Because the claims in suit are invalid, we need not visit the question of whether the district court erred in determining that the claims were not infringed. In addition, we hold that the correct way to perfect a claim to attorney fees under 35 U.S.C. § 285 is through compliance with Fed. R. Civ. P. 54. Because Amazon did not file a timely request for attorney fees

under that rule, the district court erred in granting attorney fees to Amazon, and we reverse the order granting attorney fees. Because the award of fees was improper, we need not address IPXL's contention that the case was not "exceptional" under 35 U.S.C. § 285.

## II

Claim construction is a question of law that this court reviews <u>de novo</u>. <u>Cybor Corp. v. FAS Techs., Inc.</u>, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). Similarly, indefiniteness is a question of law. <u>Atmel Corp. v. Info. Storage Devices</u>, 198 F.3d 1374, 1378 (Fed. Cir. 1999). Anticipation is a question of fact. <u>Med. Instrumentation & Diagnostics Corp. v. Elekta AB</u>, 344 F.3d 1205, 1220 (Fed. Cir. 2003).

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent." <u>Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.</u>, 145 F.3d 1303, 1307 (Fed. Cir. 1998). When a district court grants summary judgment, we review <u>de novo</u> both whether there are disputed material facts and whether the prevailing party is entitled to judgment as a matter of law. <u>SunTiger, Inc. v. Scientific Research Funding Group</u>, 189 F.3d 1327, 1333 (Fed. Cir. 1999).

In reviewing a motion for attorney fees under 35 U.S.C. § 285, we review factual findings, such as whether a case is exceptional, for clear error. <u>Cybor Corp.</u>, 138 F.3d at 1460. We review <u>de novo</u> whether the district court applied the proper legal standard to the case. <u>Sulzer Textil A.G. v. Picanol N.V.</u>, 358 F.3d 1356, 1363 (Fed. Cir. 2004).

05-1009, -1487                                  5

We then review the court's decision whether or not to award attorney fees under an abuse of discretion standard. Id.

III

<u>Anticipation by the Coutts patent</u>

A claim is anticipated under 35 U.S.C. § 102 "if each and every limitation is found either expressly or inherently in a single prior art reference." <u>Bristol-Myers Squibb Co. v. Ben Venue Labs, Inc.</u>, 246 F.3d 1368, 1343 (Fed. Cir. 2001). Under 35 U.S.C. § 282, patents are presumed to be valid. However, a patent may be found to be anticipated on the basis of a reference that had properly been before the patent examiner in the United States Patent and Trademark Office ("PTO") at the time of issuance. <u>See</u> <u>Prima Tek II, L.L.C. v. Polypap, S.A.R.L.</u>, 412 F.3d 1284, 1287 (Fed. Cir. 2005). The patent examiner in the instant case had initially rejected the '055 patent in light of the Coutts patent and the Anderson reference, which is not at issue here. <u>Summary Judgment</u>, 333 F. Supp. 2d at 535. However, the patentee argued that the Coutts patent did not disclose "displaying transaction information on a single screen," and the examiner allowed the '055 patent. <u>Id.</u> at 536. At summary judgment, however, the district court held that there could be no genuine dispute that the Coutts patent disclosed each limitation of claims 1, 2, 9 and 15 of the '055 patent and thus held that these claims were anticipated and invalid. <u>Id.</u> at 536-43. On appeal, IPXL only challenges the district court's findings in regard to the "single screen" limitation.

The Coutts patent relates to a self-service system, such as an ATM, that uses predictive technology to increase the speed of operation of the system. After the user enters an identification card, the system predicts the user's desired transaction based

upon "a stored record in the system, representing previous transactions by that user," and displays that information in order "to simplify the decisions and selections required to be made by the user." Coutts patent, abstract.

IPXL argues that the Coutts patent does not disclose the "single screen" limitation of the '055 patent, namely, "display[ing] on a single screen stored transaction information; the input mechanism enabling a user to use the displayed transaction information to execute a financial transaction or to enter selections to specify one or more transaction parameters." '055 patent, col. 20, ll. 41-46. IPXL argues that in the Coutts patent, transaction parameters are selected over multiple screens, not in a single screen. Further, IPXL argues that the screen does not display "stored transaction information." Finally, IPXL argues that the input mechanism does not allow a user to use the displayed information "to specify one or more transaction parameters."

The district court construed the single screen limitation to require "[t]he presentation of stored transaction information to a user on one screen, without the user having to first encounter any preliminary screens that would require the user to select a transaction type or a transaction parameter. " Summary Judgment, 333 F. Supp. 2d at 538-39. IPXL disputes the district court's construction of the term "stored transaction information," as discussed infra, such that it argues that the district court improperly construed what must be displayed on the "single screen." However, IPXL does not dispute the underlying construction of the one screen part of the single screen limitation construction quoted above.

The district court construed the term "stored transaction information" to require a user-defined transaction, characterized by a transaction type and a plurality of user-

defined transaction parameters, plus an additional user-defined transaction parameter. Id. at 519, 525-26, 538-39. Thus, under the district court's construction, "stored transaction information" requires a user-defined transaction type and three user-defined transaction parameters.

The district court further construed the term "transaction type" to mean "[a] particular kind, class, or group of electronic transfer[s] of funds or a particular kind, class, or group of electronic inquir[ies] as to funds. Examples of transaction types include withdrawals, deposits, transfers, payments, and balance inquiries." Id. at 524. The district court construed the term "transaction parameter" to mean "[a] property whose value determines the characteristics of (1) an electronic transfer of funds, or (2) an electronic inquiry as to funds. Examples of transaction parameters include the identification of the specific account, and the specific dollar amount." Id. at 524-25.

IPXL argues that the terms "transaction type" and "transaction parameter" were impermissibly limited to electronic transfer of funds or electronic inquiries as to funds. However, it does not contest the essential claim construction, i.e. that transaction type refers to the kind of transaction that takes place, whereas transaction parameter refers to a property whose value determines the characteristics of a transaction.

IPXL also argues before this court that "stored transaction information" requires only a user-defined transaction type and a single user-defined transaction parameter, not three user-defined transaction parameters. However, under either construction of the term "stored transaction information," the Coutts patent anticipates claims 1, 2, 9 and 15 of the '055 patent.

As noted by the district court, the Coutts patent teaches that "the processor means 32 causes a particular menu to be displayed on the lead-through display screen 18 following initiation of a transaction by a user and following a prediction that particular services are likely to be requested by the user." Coutts patent, col. 3, ll. 40-43. The menu displayed may be, "[f]or example, a simplified menu . . . consisting of only four questions, such as: 'Do you require $20?', 'Do you require $30?', 'Do you require a mini-statement?', and 'Do you require some other transaction?'." Id. col. 3, ll. 45-49. Thus, the Coutts patent discloses a screen displaying stored transaction information.

IPXL argues, however, that the patent requires navigating through the "lead through display" in order to execute the transaction and that such a "lead through display" requires a "series of screens and instructions." Pet. Br. at 46. Thus, IPXL argues that the screen displayed is not the "single screen" of the '055 patent. However, nothing in the Coutts patent indicates that the phrase "lead through display" refers to a series of screens. Rather, as the district court noted, the "lead through display" refers to a physical component, not the image presented. Summary Judgment, 333 F. Supp. 2d at 539-40. The Coutts patent refers to the same component, element 18, by four different names: lead-through display screen, lead-through display, display screen, and screen. Figure 2, a schematic diagram of an ATM, groups element 18 – a "lead-through display" – with two other physical objects, an input means and a card reader. Thus, the patent notes that a "visual display" is made "on the screen 18." Coutts patent, col. 5, ll. 7-12. All together, this indicates that element 18, the "lead-through display" is a physical object upon which information is displayed.

In addition, the description of the patented Coutts invention indicates that a single screen display was contemplated. Id. col. 4, ll. 44-53. After a user identification process, i.e. inserting an identification card and entering a personal identification number, the display screen shows possible transactions to be chosen. This, the patent notes, is "the commencement of the interaction process." Id. col. 4, ll. 51-52. If one of the displayed transactions is desired, the user must simply indicate the desired transaction through the input means, and the transaction is completed. Id. col. 4, ll. 49-53. Thus, no transaction information need be entered before the single screen displays a plurality of predicted transactions, which are based on previously entered transaction information.

IPXL further argues that the Coutts patent does not display the stored transaction information. However, the Coutts patent clearly discloses the display of multiple transaction types and multiple transaction parameters. For example, the summary of the invention discloses the types of services which may be performed using a single terminal, including withdrawal (transaction type 1) of different cash amounts (transaction parameter 1), account balance inquiry (type 2) via printing (parameter 2) or display (parameter 3), or transaction inquiry (type 3) via printing of a mini-statement (parameter 4) or a full statement (parameter 5). Id. col. 1, l. 65 – col. 2, l. 7. Similarly, the aforementioned example of a simplified menu displays two transaction types, withdrawal and transaction inquiry, and at least three transaction parameters, an amount of $20, an amount of $30, and the printing of a mini-statement. Id. col. 3, ll. 45-49. In addition, it is clear that these transaction parameters and transaction types are "user-defined" and "stored" as the transaction options presented are predicted

05-1009, -1487                            10

based upon "previous transactions by that user" that are in a "stored record." Id. abstract; see also id. col. 6, ll. 36-38, 41-43.

Finally, IPXL argues that the Coutts patent does not enable the user to "enter selections to specify one or more transaction parameters." However, as noted above, the Coutts patent allows a user to select one of a variety of transaction options. As an example, the patent notes that a simplified menu on a single screen will offer choices "such as: 'Do you require $20?', 'Do you require $30?', 'Do you require a mini-statement?', and 'Do you require some other transaction?'." Id. col. 3, ll. 45-49. If one of the options is that which the user prefers, he may input appropriately, and the transaction is completed. IPXL argues that this constitutes "selecting one transaction over another" and that it does not constitute "enter[ing] selections to specify one or more transaction parameters." Pet. Br. at 49. However, choosing between withdrawing $20 and $30 involves specifying one of two transaction parameters, i.e. the amount of the transaction. Thus, the Coutts patent discloses enabling a user to "enter selections to specify one or more transaction parameters."

As the Coutts patent discloses the single screen limitation recited above, and IPXL does not contest that it discloses the other limitations of claims 1, 2, 9, and 15 of the '055 patent, we affirm the district court's grant of summary judgment to Amazon on the ground that the Coutts patent anticipates claims 1, 2, 9 and 15 of the '055 patent.

<u>Indefiniteness of Claim 25</u>

The district court found that claim 25 is indefinite under 35 U.S.C. § 112, as it attempts to claim both a system and a method for using that system. Section 112, paragraph 2, requires that the claims of a patent "particularly point[] out and distinctly

claim[] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 (2000). A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope. Amgen, Inc. v. Chugai Pharm. Co., 927 F.2d 1200, 1217 (Fed. Cir. 1991).

Whether a single claim covering both an apparatus and a method of use of that apparatus is invalid is an issue of first impression in this court. The Board of Patent Appeals and Interferences ("Board") of the PTO, however, has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. Ex parte Lyell, 17 USPQ2d 1548 (BPAI 1990). As the Board noted in Lyell, "the statutory class of invention is important in determining patentability and infringement." Id. at 1550 (citing In re Kuehl, 475 F.2d 658, 665 (CCPA 1973); Rubber Co. v. Goodyear, 76 U.S. 788, 796 (1870)). The Board correctly surmised that, as a result of the combination of two separate statutory classes of invention, a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus. Id. Thus, such a claim "is not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved" and is "ambiguous and properly rejected" under section 112, paragraph 2. Id. at 1550-51. This rule is well recognized and has been incorporated into the PTO's Manual of Patent Examination Procedure. § 2173.05(p)(II) (1999) ("A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph."); see also Robert C. Faber, Landis on Mechanics of Patent Claim Drafting

§ 60A (2001) ("Never mix claim types to different classes of invention in a single claim.").

Claim 25 recites both the system of claim 2 and a method for using that system. The claim reads:

> The <u>system of claim 2</u> [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and <u>the user uses the input means</u> to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

'055 patent, col. 22, ll. 8-13 (emphasis added).

Thus, it is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction. Because claim 25 recites both a system and the method for using that system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112, paragraph 2.

IV

Judgment in favor of Amazon was entered on August 27, 2004. On September 13, 2004, Amazon filed a motion for attorney fees seeking relief under three different statutory provisions: 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and 35 U.S.C. § 285. IPXL responded with a motion to strike, arguing that any motion for attorney fees must comply with Fed. R. Civ. P. 54(d)(2)(B), which provides that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days

after entry of judgment." Because Amazon's motion, filed seventeen days after entry of judgment, was untimely, IPXL contended that the motion must be struck.

Amazon responded to the motion to strike, arguing that the 14-day limit was inapplicable because, in Amazon's view, its motion was one for sanctions under Fed. R. Civ. P. 54(d)(2)(E), which provides that the 14-day rule does not apply to "claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927." Amazon made no attempt to claim excuse for breach of the 14-day rule under Fed. R. Civ. P. 6(b), which permits enlargement of the 14-day time period of Rule 54, but only subject to the strictures of Rule 6(b). As Amazon made no attempt to seek enlargement of the 14-day time period pursuant to Rule 6, it is not surprising that Amazon pitched its argument to district court under Rule 54(d)(2)(E).

The district court decided the attorney fee issue on the written record provided by the parties. First, the district court rejected Amazon's plea for relief based on Rule 11. Transcript of Motions Hearing at 4, IPXL Holdings, L.L.C. v. Amazon.com, Inc., No. 04-CV-70 (E.D. Va. Sept. 24, 2004). Next, the district court rejected 28 U.S.C. § 1927 as a ground for attorney fees in this case. Id. Amazon does not contest that aspect of the district court decision. Finally, the district court recognized that Amazon's motion was out of time under Rule 54. Noting that no showing of good cause had been made under Rule 6 for enlargement of the 14-day time period, the district court commented that "there is some merit" to IPXL's motion to strike. Id. at 4-5.

Nonetheless, the district court held that a claim to attorney fees under section 285 "is not barred by the [14-day] time limit" and that even if attorney fees under that provision were subject to Rule 54, the court would "exercise its discretion and allow

Amazon leave to file out of time." Id. at 5. Consequently, the district court denied IPXL's motion to strike and, finding the case exceptional, granted Amazon's motion for attorney fees under section 285.

IPXL appeals the award of attorney fees, arguing that the proper way to perfect a claim to attorney fees under section 285 is through compliance with Rule 54. IPXL disputes the district court's holding that section 285 itself grants authority to a district court to award attorney fees thereunder, even where Rule 54 is not satisfied. Consequently, IPXL asserts that the district court lacked authority to consider the motion for attorney fees. With no proper motion before it, the district court had no issue upon which it could exercise its discretion.

Amazon counters by placing its reliance again on Rule 54(d)(2)(E). Because the district court determined that this was not a "close case" when deciding that the case was exceptional, Amazon argues that the district court in essence held that the case was legally frivolous such as to warrant sanctions for violation of Rule 11. Thus, according to Amazon, the attorney fee award was a sanction for violation of one of "these rules" in accordance with Rule 54(d)(2)(E). We reject this argument. The district court did not hold that the case was "frivolous" under Rule 11. Rather, it awarded attorney fees under 35 U.S.C. § 285.

Amazon's second ground to support the award of attorney fees is that the district court properly exercised its discretion to enlarge the 14-day filing time under Rule 6(b). Even assuming the district court was referring to Rule 6(b) when it allowed Amazon to file out of time, the record is clear that Amazon never made a motion under Rule 6(b)(2), seeking enlargement of time after the 14-day time period had run, based on

05-1009, -1487                    15

"excusable neglect," which is the standard the district court must apply in exercising discretion to enlarge time under that subsection of Rule 6.

We think it is clear that on this record there is no basis for an award of attorney fees under Rule 11 or 28 U.S.C. § 1927. Assuming this is an exceptional case, an issue we do not reach, Amazon's claim to fees under section 285 is viable. However, we hold that any claim to attorney fees must be processed in compliance with Rule 54(d)(2)(B). No provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B).

The district court's holding that section 285 itself can support an award of attorney fees without regard to when the relief is requested is legally incorrect. Further, in this case, the 14-day rule of Rule 54 was breached, and Amazon took no steps under Rule 6(b)(2) that could have afforded the district court a basis upon which to exercise discretion to enlarge the 14-day time period. Consequently, the district court abused its discretion in enlarging the applicable time and in denying IPXL's motion to strike. The district court was here obligated to grant IPXL's motion, and the award of attorney fees and costs to Amazon is therefore reversed.

COSTS

No costs.

AFFIRMED IN PART AND REVERSED IN PART