CLEVENGER, Circuit Judge,
dissenting-in-part.
I join the majority opinion in all respects but one. I dissent from the majority’s decision to reverse and remand the Commission’s determination that the so-called “workaround” products infringe claim 1 of U.S. Patent No. 6,114,074 (“the '074 patent”). The majority opinion asserts that there are three claim construction issues raised by the parties: “channel map information,” whether the claims preclude the use of information other than channel map information, and whether the claims require that the device and method be capable of utilizing the channel map information. The first two issues indeed are appealed, and I agree with the majority’s assessment of those two issues. The “third issue of claim construction,” Maj. Op. at 1339, is not appealed. The majority thus reaches beyond the issues raised by the parties, both below and on appeal, to sua sponte issue a claim construction ruling on the phrases “for identifying” and “for decoding.” Maj. Op. at 1339-41. As that issue is not properly before us, we should instead affirm.
Claim 1 of the '074 patent reads:
1. Apparatus for decoding a datastream of MPEG compatible packetized program information containing program map information to provide decoded program data, comprising:
means for identifying channel map information conveyed within said packetized program information; and means for assembling said identified information to form a channel map for identifying said individual packetized datastreams constituting said program, wherein
said channel map information replicates information conveyed in said MPEG compatible program map information and said replicated information associates a broadcast channel with packet identifiers used to identify individual packetized datastreams that constitute a program transmitted on said broadcast channel.
The majority construes the phrase “means for assembling said identified information to form a channel map for identifying” to read a limitation into claim 1 that requires a means to actually use the channel map instead of simply forming the channel map as required by the claim. Maj. Op. at 1339-40. To support its construction of “for identifying,” the majority also imports an additional limitation from the preamble of the claim that requires actual use of the channel map “for decoding.” Maj. Op. at 1340-41.
No party ever argued for constructions of “for identifying” and “for decoding” that require a device to perform a decoding step in the United States. That, of course, is because the parties recognized that claim 1 is an apparatus claim, yet the majority erroneously treats the claim as a method claim. A failure of the Commission to construe these phrases was not *1345 appealed.[1] As we have stated before, litigants waive their right to present new claim construction disputes if they are not timely raised. See, e.g., Conoco, Inc. v. Energy & Envtl. Int’l, L.C., 460 F.3d 1349, 1359 (Fed.Cir.2006); Abbott Labs. v. Syntron Bioresearch, Inc., 334 F.3d 1343, 1357 (Fed.Cir.2003). Yet, in order to reach a conclusion that Appellants’ “workaround” products indeed workaround the patented technology, the majority must find a place in the claim to read in a use requirement. This is incorrect as a matter of law.
I
As an initial matter, it appears that Appellants raised the issue of the infringement of the “workaround” products late in the game at the Commission. As characterized by the ALJ:
One of respondents’ experts, ... asserted for the first time during his testimony of August 20, 2008 (near the end of the hearing) that the VCT stored in DRAM is not “suitable for use” and cannot be used in some of the chips used in some of respondents’ DTVs. While this new argument could be stricken, as requested by complainants, it does nothing to alter the infringement findings.
See Initial Determination, slip op. at 60. This alone is reason enough for the panel to affirm, as Appellants do not appeal the ALJ’s determination that the noninfringement argument on the “suitable for use” limitation was untimely raised.[2] See Hazani v. Int’l Trade Comm’n, 126 F.3d 1473, 1476-77 (Fed.Cir.1997) (“We find no legal error in the administrative law judge’s determination that the arguments that Hazani raised for the first time on reconsideration were untimely and could properly be rejected on that ground alone.”).
II
In addressing the merits of Appellants’ untimely defense, the ALJ pointed out that there is no use requirement in the claims of the '074 patent. He stated that:
Respondents assert this new argument or defense because some of their products allegedly now “skip” portions of the VCT stored in DRAM during subsequent processing steps, and thus the VCT is allegedly not “suitable for use”- or cannot be used at all. However, the question of usability, or suitability, relates to the “channel map” and its contents, not how that channel map is later processed, or not processed.
The entire VCT is received and stored in DRAM in all of respondents’ DTVs. As assembled in DRAM, the VCT contains all of the information required of *1346 the “channel map,” in a format that can be understood and used by a properly programmed DTV. The fact that respondents claim not to use that information in some products, after specifically receiving and storing it, reflects their design choices but it does not affect the basic facts underlying infringement.
Initial Determination, slip op. at 60-61.
Notably, the ALJ’s factual findings that “[t]he entire VCT is received and stored in DRAM in all of respondents’ DTVs” and “the VCT contains all of the information required of the ‘channel map,’ in a format that can be understood” are clearly supported by substantial evidence and are not appealed. Initial Determination, slip op. at 61. As a result, Appellants are stuck with a bad set of fact findings and a failure to timely raise and appeal claim constructions.
Ill
Even overlooking the majority’s decision to ignore the ALJ’s waiver determination and Appellants’ failure to timely raise a claim construction argument for the phrase “for identifying,” the majoi’ity’s argument still fails with respect to claim 1. Claim 1 is an apparatus claim and an accused infringer infringes an apparatus claim if it “makes, uses, offers to sell, or sells” the claimed apparatus “within the United States,” or “imports [the apparatus] into the United States.” 35 U.S.C. § 271(a). The ALJ found that there is a means for forming the channel map in the workaround DTVs. This finding is sufficient to sustain the Commission’s infringement determination.
The majority is incorrect that the phrase “for identifying” imposes an additional requirement that an allegedly infringing DTV actually use the channel map for identifying. Imposing a method limitation on an apparatus claim is improper. See Microprocessor Enhancement Corp. v. Tex. Instruments Inc., 520 F.3d 1367, 1374 (Fed.Cir.2008) (“A single patent may include claims directed to one or more of the classes of patentable subject matter, but no single claim may cover more than one subject matter class.”). This is so because it would be “unclear whether infringement [ ] occurs when one creates a system that allows the user to practice the claimed method step, or whether infringement occurs when the user actually practices the method step.” Id. at 1374-75 (quoting IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377, 1384 (Fed.Cir.2005)). Here, the majority’s additional use limitation unnecessarily creates doubt about the timing of infringement and the definiteness of claim 1 when no such quandary exists in the plain language of the claim. Claim 1 does not require use of the channel map to occur; instead only a means for forming the channel map is required.
IV
Finally, as the Commission points out in its briefing, the Commission made no finding with regard to whether the format of the channel map stored in the workaround DTVs actually prevents use of the channel map by the workaround products. Of course this is because Appellants failed to raise the majority’s claim construction arguments below, so the Commission never had a need to investigate beyond the conceded fact that the workaround products have a means for forming a channel map as part of the apparatus. The majority acts as the fact finder in the first instance to determine that the workaround DTVs would not infringe its new claim construction. At a minimum, the majority should remand to give the Commission an opportunity to make factual findings on how the workaround products function.
I do not see a need to address infringement of the method claim of the '074 patent, as affirming on claim 1 would be *1347 enough to sustain the Commission’s Orders on appeal. I note, however, that Appellants’ waiver of their “suitable for use” noninfringement argument and their failure to preserve claim construction would apply equally to claim 23.
For the foregoing reasons, I would affirm the Commission’s determination that the “workaround” products infringe the '074 patent, and thus respectfully dissent on this point.

. The majority does not contend, nor could it, that the ALJ addressed claim 1 as a matter of claim construction or that the issue was appealed to this Court. Instead, the majority errs in asserting that the issue was addressed by the “full Commission as an issue of claim construction.” Maj. Op. at 1340. The Commission reviewed only two findings that both relate exclusively to claim 23. See Final Determination, slip op. at 3. Neither finding deals with claim construction. Id. (“The Commission determined to review: (1) the finding that Respondents directly infringe claim 23 of the '074 patent through testing activities in the United States and (2) the finding that respondents have induced infringement of claim 23 of the '074 patent.”).

. The majority errs in asserting that the Commission reviewed the merits of the ALJ's finding that the workaround products would continue to infringe claim 1 and that this deprives us of jurisdiction to review the ALJ’s finding on waiver. Maj. Op. at 1343. The Commission did not review either the ALJ's finding that the issue could have been waived or the ALJ's finding that the workaround products would continue to infringe claim 1. Rather, the Commission expressly stated that, aside from findings on testing and inducement related to claim 23, “[a]ll other determinations made in the ID became the Commission determination by operation of Commission rule 210.42(h)(2).” Final Determination, slip op. at 3.