# United States Court of Appeals for the Federal Circuit

2007-1424

INNOVATION TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

SPLASH! MEDICAL DEVICES, LLC.,

Defendant-Appellee.

Neil C. Jones, Nelson Mullins Riley & Scarborough, LLP, of Greenville, South Carolina, argued for plaintiff-appellant.

Marvin A. Glazer, Cahill, von Hellens & Glazer, P.L.C., of Phoenix, Arizona, argued for defendant-appellee.

Appealed from: United States District Court for the Northern District of Georgia

Judge Thomas W. Thrash, Jr.

# United States Court of Appeals for the Federal Circuit

2007-1424

INNOVATION TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

SPLASH! MEDICAL DEVICES, LLC.,

Defendant-Appellee.

Appeal from the United States District Court for the Northern District of Georgia in Case No. 06-CV-0647, Judge Thomas W. Thrash, Jr.

———————————————

DECIDED: June 16, 2008

———————————————

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This appeal challenges the United States District Court for the Northern District of Georgia's ruling that this patent infringement suit was an "exceptional case" under 35 U.S.C. § 285 and award of attorney fees to the appellee Splash! Medical Devices, LLC ("Splash"). We hold that the district court failed to make adequate findings to support its "exceptional-case" determination. We vacate the district court's order awarding attorney fees and remand for that court to make additional findings as indicated in this opinion

and, based on those findings, to redetermine the "exceptional case" and "attorney fee" issues.

I

The appellant, Innovation Technologies, Inc. ("Innovation"), sued Splash for infringement of its U.S. Patent No. 5,830,197 ("'197 patent") covering a method for irrigating wounds. There followed various motions, extensive discovery, and the filing of briefs on the construction of several patent claims, but the district court had not held a <u>Markman</u> hearing or construed those claims. More than a year after filing suit, Innovation (1) executed a covenant not to sue Splash for infringement of the '197 patent by the Splash device involved in this case and (2) moved to dismiss its suit with prejudice, which motion the district court granted.

Splash then moved for attorney fees pursuant to 35 U.S.C. § 285. The district court granted the motion and awarded Splash attorney fees of $140,232 and expenses of $4,118.78. The court's order consisted of a single paragraph with seven sentences. The substantive portion of the order was the following three sentences:

> This case qualifies as an "exceptional" case under 35 U.S.C. § 285 justifying an award of attorney's fees to Splash as the prevailing party. Splash has shown by clear and convincing evidence that Innovation knew or, on reasonable investigation, should have known, that its claims of infringement were baseless. It appears to me that the lawsuit was filed solely for the purpose of harassing a small competitor.

Order Granting Splash's Motion for Attorney's Fees, March 22, 2007.

Section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Under that section, the court first must determine whether the particular case is "exceptional." If the court finds that it is, it must then determine whether to award an attorney fee – a decision that lies primarily within the district court's discretion. See Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003).

The only finding of the district court that explains its reasons for concluding that this was an "exceptional case" is the second of the three sentences quoted above. All it found was that Splash had shown that "Innovation knew or, on reasonable investigation, should have known, that its claims of infringement were baseless." The court gave no explanation of, or factual basis for, that conclusion.

"In order to provide a basis for meaningful review, it is incumbent on the trial court not only to make the ultimate finding that the case is exceptional, but also to articulate the more particular factual findings from which the finding of 'exceptional circumstances' follows." Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582 (Fed. Cir. 1985). "A district court must provide reasoning for its determination that a case is exceptional for us to provide meaningful review. Further, an exceptional case finding is not to be based on speculation or conjecture but upon clear and convincing evidence." Stephens v. Tech Int'l, Inc., 393 F.3d 1269, 1276 (Fed. Cir. 2004) (citations omitted).

When the attorney fee application was before the district court for decision, the parties raised the following issues:

1. Did Innovation make a sufficient pre-filing investigation of its case to bring suit? What did that investigation consist of?

2. What were Innovation's reasons for filing this suit? This inquiry is relevant to the district court's statement, which we assume was not a finding, that "[i]t appears to" the court "that the lawsuit was filed solely for the purpose of harassing a small competitor." As noted above, "speculation or conjecture" cannot support "[a]n exceptional case finding which requires "clear and convincing evidence." Id.

3. Did Innovation commit any litigation improprieties in this case? Did it engage in vexatious, harassing litigation activities? See, e.g., Def.'s Mot. For Atty's Fees 7-8, 14-17.

4. The parties vigorously disputed the meaning of certain claim language. Specifically, what do the claim terms producing a "dispersed stream" and providing a "sterile wound – irrigation solution" mean?

Where claim meaning is disputed, "this court must be furnished 'sufficient findings and reasoning to permit meaningful appellate scrutiny.'" Nazomi Commc'ns, Inc. v. Arm Holdings, PLC, 403 F.3d 1364, 1371 (Fed. Cir. 2005) (quoting Gechter v. Davidson, 116 F.3d 1454, 1458 (Fed. Cir. 1997)). Of course, the district court is not required definitively to determine the meaning of the claims in considering whether this is an exceptional case. It should, however, make a sufficient analysis of the claims' probable meaning to enable it to determine whether Innovation's proposed construction of the disputed language was sufficiently plausible to justify filing suit based upon that construction. If that claim construction was permissible, was there sufficient evidence to

justify Innovation's contention that, under that construction, Splash had infringed the claims?

The parties also disputed whether the alleged infringing product has substantial non-infringing uses, Def.'s Mot. For Atty's Fees at 19-20.

5. In addition, it is appropriate for the district court to consider why Innovation executed the covenant not to sue and dismissed its case before the district court had construed the claims. What significance, if any, did such action have with respect to the merits of Innovation's case–-did it indicate that the claims of infringement were "baseless"?

The district court made no findings on any of these issues. Without such findings, we cannot properly perform our review function. Indeed, the district court did not even indicate, and we cannot tell, upon which of these bases the district court relied in finding this case "exceptional." The three conclusory statements quoted above–-which merely stated that this is an exceptional case, that Innovation knew or should have known that its claims of infringement were "baseless," and that it "appear[ed]" that the suit was filed "solely" to "harass" a small competitor–-are inadequate to fill that void.

This court could itself comb the record and answer those questions. That is not the normal appellate function, however, and we conclude that the proper practice here is for the district court initially to make the necessary findings on these issues. "[W]hen findings are required on the exceptional case issue such finding must initially be the province of the district court." Consol. Aluminum Corp., v. Foseco Int'l Ltd., 910 F.2d 804, 814 (Fed. Cir. 1990); see also, Bayer AG v. Biovail Corp., 279 F.3d 1340, 1349

(Fed. Cir. 2002) (deeming it premature for this court to construe claims where the district court had not done so).

Accordingly, the district court's determination that this is an exceptional case and its award of attorneys fees are vacated, and the case is remanded to that court to make additional findings in accordance with this opinion. In doing so, the court may receive any additional evidence it deems appropriate.

Of course, the district court need not necessarily make findings on all of these points. Findings on those issues upon which the court bases its new determination of the "exceptional case" issue are all that is required. The detail necessary in such findings is a matter largely within the district court's discretion. See Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1383 (Fed. Cir. 2007) ("The author of an opinion has broad discretion to determine what the opinion should contain and in what detail."). If the court again concludes that this is an exceptional case and that it should award attorneys fees, it should also explain the reasons for the latter conclusion.

<u>VACATED and REMANDED</u>