# United States Court of Appeals for the Federal Circuit

2009-1045

WEDGETAIL, LTD. and BOBBY D. KING,

Plaintiffs-Appellees,

v.

HUDDLESTON DELUXE, INC.,

Defendant-Appellant.

Andy Tindel, Provost Umphrey Law Firm, LLP, of Tyler, Texas, argued for plaintiffs-appellees.

Marc M. Gorelnik, Townsend and Townsend and Crew LLP, of San Francisco, California, argued for defendant-appellant. With him on the brief were Nancy L. Tompkins, and Megan M. Chung.

Appealed from:  United States District Court for the Eastern District of Texas

Judge David Folsom

# United States Court of Appeals for the Federal Circuit

2009-1045

WEDGETAIL, LTD. and BOBBY D. KING,

Plaintiffs-Appellees,

v.

HUDDLESTON DELUXE, INC.,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0202, Judge David Folsom.

———————————————

DECIDED: August 12, 2009

———————————————

Before SCHALL, GAJARSA, and DYK, <u>Circuit Judges</u>.

GAJARSA, <u>Circuit Judge</u>.

Huddleston Deluxe, Inc. appeals from an order of the U.S. District Court for the Eastern District of Texas that dismissed with prejudice Wedgetail Ltd.'s claims of infringement and Huddleston's declaratory judgment counterclaims, and established that each party was to bear its own costs and legal fees. Specifically, Huddleston appeals the district court's decision not to award attorney fees under 35 U.S.C. § 285.

Because we find that the district court's decision was not an abuse of discretion and, at most, amounts to harmless error, we affirm.

## BACKGROUND

Wedgetail is the assignee of U.S. Patent No. 6,857,220 B2, which is directed to "flexible fishing lure tails and appendages"—i.e., fishing lures that simulate swimming motions when dragged through water. Wedgetail filed suit against Huddleston for infringement of the '220 patent; Huddleston, in turn, filed counterclaims of non-infringement and invalidity.

After the district court held a claim construction hearing and issued its claim construction order, Wedgetail determined "that it may be difficult to establish infringement under certain of the Court's constructions." Wedgetail thus filed a motion to dismiss all claims with prejudice, in which it granted Huddleston a covenant not to sue. Huddleston opposed solely on the ground that Wedgetail's proposed order of dismissal would deprive Huddleston of the opportunity to seek attorney fees as the prevailing party.

The district court granted Wedgetail's motion, dismissed all claims with prejudice, and ordered "that each party shall bear their own costs and attorney's fees." Huddleston immediately appealed to this court. We have jurisdiction over the appeal of the district court's final judgment under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." This provision is an exception to the so-called "American Rule":

> Under the American Rule each party bears its own attorney fees and expenses. As an exception to that rule, courts have exercised their inherent equitable power to make whole a party injured by an egregious abuse of the judicial process. . . . Congress enacted Section 285 to codify in patent cases the "bad faith" equitable exception to the American Rule. . . . Recognizing the good faith/bad faith distinction, Congress expressly limited such awards to "exceptional cases."

Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 929 F.2d 676, 678 (Fed. Cir. 1991) (internal quotation marks and citations omitted). "The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion. A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful." Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc) (citations omitted).

"[T]he exceptional nature of the case must be established by clear and convincing evidence." Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050 (Fed. Cir. 1992). As this court has consistently found, however, only a limited universe of circumstances warrant a finding of exceptionality in a patent case: "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir.

2002); see also, e.g., Brasseler, U.S.A. I, L.P., v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001) (same); id. ("Exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent."); Hoffman-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000) ("Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit. Such conduct must be supported by clear and convincing evidence." (quoting Beckman Instruments, Inc., v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989))); Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1481–82 (Fed. Cir. 1998) ("Findings of exceptional case have been based on a variety of factors; for example, willful or intentional infringement, inequitable conduct before the Patent and Trademark Office, vexatious or unjustified litigation, or other misfeasant behavior."); Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1579 (Fed. Cir. 1996) ("Bad faith litigation, willful infringement, or inequitable conduct are among the circumstances which may make a case exceptional."); Cambridge Prods., 962 F.2d at 1050–51 ("In the case of awards to prevailing accused infringers . . . 'exceptional cases' are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent."); Bayer Aktiengesellschaft v. Duphar Int'l Research B.V., 738 F.2d 1237, 1242 (Fed. Cir. 1984) ("In awarding attorney fees to a prevailing accused infringer, such exceptional circumstances include, inter alia, inequitable conduct during prosecution of a patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit.").

"[M]indful of the limited circumstances in which an award of attorney fees is appropriate," Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003), this court has rejected an "expansive reading of § 285," which would permit findings of exceptionality in circumstances other than those listed above, id., and (absent litigation misconduct or inequitable conduct before the PTO) has permitted the award of attorney fees to a prevailing accused infringer "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless," Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005) (emphasis added).

Because of the high level of deference owed to district courts on this issue and the limited circumstances that could qualify as exceptional, this court has not imposed a blanket requirement that a district court provide its reasoning in attorney fee cases. See, e.g., Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1322 (Fed. Cir. 2006) (upholding denial of fees despite no statement of reasons, because "the record as a whole in this case adequately supports the denial of attorney fees"); Carroll Touch, Inc. v. Electro Mech. Sys., Inc., 15 F.3d 1573, 1584 (Fed. Cir. 1993) (upholding denial of fees despite no statement of reasons, because record "provide[s] a sufficient basis upon which we can review the exercise of the trial court's discretion"). Instead, we have held only that a statement of the district court's reasoning is generally necessary to enable review when an attorney fees motion is granted, see, e.g., Innovation Tech., Inc. v. Splash! Med. Devices, LLC, 528 F.3d 1348, 1350–51 (Fed. Cir. 2008); Stephens v. Tech Int'l, Inc., 393 F.3d 1269, 1276 (Fed. Cir. 2004) (reversing award of fees because a "district court must provide reasoning for its determination that a case is exceptional for us to provide meaningful review"), or when attorney fees are

denied despite the presence of one or more of the circumstances listed above, see, e.g., Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1377 (Fed. Cir. 2002) (remanding unexplained denial of fees where record reflected "serious and open questions" as to whether plaintiff "ever had a good faith belief in its claim"); Tate Access Floors, Inc. v. Maxcess Techs., Inc., 222 F.3d 958, 972 (Fed. Cir. 2000) ("While a finding of willful infringement does not mandate that damages be increased or that attorneys fees be awarded, after an express finding of willful infringement, a trial court should provide reasons for not increasing a damages award or for not finding a case exceptional for the purpose of awarding attorneys fees." (internal quotation marks and citations omitted)); U.S. Envtl. Prods. Inc. v. Westall, 911 F.2d 713, 718 (Fed. Cir. 1990) ("Under . . . circumstances . . . where the court did find misconduct in determining substantive issues, we conclude that we require the benefit of the court's analysis . . . in order to review the court's ruling."). As discussed below, Huddleston directs us to nothing in the record here that could compel a finding of exceptionality or would otherwise suggest a need for the district court to provide its reasoning. Accordingly, the lack of detailed analysis by the district court in this case does not warrant reversal.

Huddleston argues that the district court committed reversible error by failing to entertain a motion for attorney fees pursuant to § 285. We disagree.

As this court stated in IPXL Holdings, L.L.C. v. Amazon.com, Inc., "[n]o provision in section 285 exempts requests for attorney fees thereunder from compliance with Rule 54(d)(2)(B)." 430 F.3d 1377, 1386 (Fed. Cir. 2005). Rule 54(d)(2)(B), in turn, states:

> Unless otherwise provided by statute or order of the court, the motion [for attorney fees] must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling

> the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Fed. R. Civ. P. 54(d)(2)(B). Despite these requirements, Huddleston did not file a motion for attorney fees with the district court, but instead merely requested that the district court set a briefing schedule for such a motion. Nor did Huddleston state, even in its opposition papers, the amount of attorney fees sought. Accordingly, Huddleston's claim would appear to fail procedurally. See IPXL Holdings, 430 F.3d at 1386 (reversing award of attorney fees where motion for fees was not timely filed with the district court).

Huddleston insists, however, that the filing of a separate motion for attorney fees with the district court would have been futile in light of the district court's order. It thus urges this court to treat the district court's order either as a prejudicial deprivation of Huddleston's right to file a motion or as an erroneous determination that fees are not owed. Because there is substantial overlap among the facts relevant to each of these arguments, we consider them together.

The Supreme Court has summarized the doctrine of harmless error in the following manner:

> In ordinary civil appeals, . . . the appellant will point to rulings by the trial judge that the appellant claims are erroneous, . . . . Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm.

Shinseki v. Sanders, 129 S.Ct. 1696, 1706 (2009). The burden similarly rests on the appellant to prove that the district court clearly erred in failing to find a case exceptional or abused its discretion in failing to award attorney fees. See Carroll Touch, 15 F.3d at 1584.

Here, Huddleston seeks attorney fees after Wedgetail voluntarily dismissed its claim with prejudice and granted a covenant not to sue. The record on appeal presents neither any apparent misconduct nor any judicial findings of misconduct on Wedgetail's part. To the contrary, the record reflects that Wedgetail immediately sought dismissal of its infringement claims upon determining that it could not prevail under the district court's claim construction. Huddleston, meanwhile, has not provided this court with any reason to believe that it might successfully obtain an attorney fee award if it were afforded the opportunity to present evidence to the district court on remand. To the district court, Huddleston merely stated: "Huddleston believes this is one of those exceptional and rare cases." And to this court, Huddleston has offered a vague assertion that Wedgetail's pre–claim construction infringement contentions were deficient. But it has provided no support whatsoever for its claims.

Simply put, Huddleston has failed to demonstrate either that the district court clearly erred in failing to find this case exceptional or that Huddleston was harmed by the district court's failure to entertain a motion for attorney fees. A remand is, therefore, unwarranted. See Consol. Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 814 (Fed. Cir. 1990) ("A remand, with its accompanying expenditure of additional judicial resources in a case thought to be completed, is a step not lightly taken and one that should be limited to cases in which further action must be taken by the district court or in which the appellate court has no way open to it to affirm or reverse the district court's action under review. Though findings on 'exceptional case' and reasons underlying the discretionary action on fees are helpful to an appellate court, remand should not be a matter of rote in every case in which findings and reason are not expressly set forth. An

appellate court need not close its eyes to the record where . . . there is a way clearly open to affirm the district court's action."); see also Carroll Touch, 15 F.3d at 1584 ("There is no evidence of record that [the plaintiff] pursued its patent infringement claim without a reasonable belief in its merits. [The prevailing defendant] has thus not shown that the court's implicit finding that this was not an exceptional case under section 285 was clearly erroneous or that the court abused its discretion in denying its motion for attorney fees.").

## CONCLUSION

Accordingly, because the district court's decision, although lacking explanation, is supported by the record, "[n]o useful purpose would be served by a remand to enable the district court to tell us in express terms what we already know from the record." Consol. Aluminum, 910 F.2d at 815. We thus affirm the district court's decision.

## AFFIRMED

## COSTS

No costs.