NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1511, -1512, -1513, -1514, -1595

THERASENSE, INC. (now known as Abbott Diabetes Care, Inc.)
and ABBOTT LABORATORIES,

Plaintiffs-Appellants,

v.

BECTON, DICKINSON AND COMPANY,
and NOVA BIOMEDICAL CORPORATION,

Defendants-Appellees,

and

BAYER HEALTHCARE LLC,

Defendant-Appellee.

Appeals from the United States District Court for the Northern District of California in consolidated case nos. 04-CV-2123, 04-CV-3327, 04-CV-3732, and 05-CV-3117, Judge William H. Alsup.

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN,[*] NEWMAN, MAYER, LOURIE, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

<u>O R D E R</u>

Plaintiffs-Appellants ("Abbott Diabetes Care, Inc. et al.") filed a petition for rehearing en banc. The panel requested a response from Defendants-Appellees Becton, Dickinson and Company, et al. and Bayer Healthcare LLC.  The court granted Abbott Diabetes Care, Inc. et al. leave to file a reply. Washington Legal Foundation,

---

[*] Senior Judge Friedman, was on the original panel, and participated only in the decision on petition for panel rehearing.

Nine Intellectual Property Law Professors, Hon. Bruce A. Lehman and the International Intellectual Property Institute, and Ole K. Nilssen and Geo Foundation, Ltd., were granted leave to file briefs amici curiae.

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, the responses to the petition, the reply, and amici curiae briefs were referred to the circuit judges who are authorized to request a poll on whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)   The petition of Plaintiffs-Appellants Abbott Diabetes Care, et al. for panel rehearing is denied.

(2)   The petition of Plaintiffs-Appellants Abbott Diabetes Care, et al. for rehearing en banc is granted.

(3)   The court's January 25, 2010 opinion is vacated, and the appeal is reinstated.

(4)   The parties are requested to file new briefs addressing the following issues:

1. Should the materiality-intent-balancing framework for inequitable conduct be modified or replaced?

2. If so, how?  In particular, should the standard be tied directly to fraud or unclean hands?  See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), overruled on other grounds by Standard Oil Co. v. United States, 429 U.S. 17 (1976); Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240 (1933).  If so, what is the appropriate standard for fraud or unclean hands?

3. What is the proper standard for materiality? What role should the United States Patent and Trademark Office's rules play in defining materiality? Should a finding of materiality require that but for the alleged misconduct, one or more claims would not have issued?

4. Under what circumstances is it proper to infer intent from materiality? See Kingsdown Med. Consultants, Ltd. v. Hollister Inc., 863 F.2d 867 (Fed. Cir. 1988) (en banc).

5. Should the balancing inquiry (balancing materiality and intent) be abandoned?

6. Whether the standards for materiality and intent in other federal agency contexts or at common law shed light on the appropriate standards to be applied in the patent context.

(5) This appeal will be heard en banc on the basis of the original filed briefs, additional briefing ordered herein, and oral argument. An original and thirty copies of all originally-filed briefs shall be filed within **20 days** from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Appellants' en banc brief is due 45 days from the date of this order. The en banc response brief is due within 30 days of service of the appellants' new en banc brief, and the reply brief within 10 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such amicus briefs may be filed without leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7)    The United States Patent and Trademark Office is invited to participate as amicus curiae.

(8)    Oral argument will be held at a time and date to be announced later.

FOR THE COURT

April 26, 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:    Rohit K. Singla, Esq.
Rachel Krevans, Esq.
Bradford J. Badke, Esq.
Cameron K. Weiffenbach, Esq.
Christian E. Mammen, Esq.
Leland W. Hutchinson, Jr., Esq.
Richard Samp, Esq.
Richard A. Samp, Esq.
Raymond T. Chen, Esq.