# United States Court of Appeals for the Federal Circuit

---

**THERASENSE, INC. (now known as Abbott Diabetes Care, Inc.) AND ABBOTT LABORATORIES,**
*Plaintiffs-Appellees,*

**v.**

**BECTON, DICKINSON AND COMPANY AND NOVA BIOMEDICAL CORPORATION,**
*Defendants-Appellants,*

AND

**BAYER HEALTHCARE LLC,**
*Defendant.*

---

2012-1504

---

Appeal from the United States District Court for the Northern District of California in Nos. 04-CV-2123, 04-CV-3327, 04-CV-3732 and 05-CV-3117, Judge William H. Alsup.

---

Decided: March 12, 2014

---

CLARA J. SHIN, Covington & Burling, LLP, of San Francisco, California, argued for plaintiffs-appellees. With her on the brief was PHILIP A. SCARBOROUGH.

BRADFORD J. BADKE, Ropes & Gray, LLP, of New York, New York, argued for defendants-appellants Becton, Dickinson and Company, et al. With him on the brief was SONA DE.

————————

Before RADER, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

Opinion for the court filed by *Chief Judge* RADER.

Dissenting-in-part opinion filed by *Circuit Judge* DYK.

RADER, *Chief Judge.*

Becton, Dickinson and Company (Becton) and Nova Biomedical Corporation (Nova) appeal the denial of various fees sought based on an eight-year long patent infringement suit in the United States District Court for the Northern District of California involving patents owned by Therasense, Inc. (now known as Abbott Diabetes Care, Inc.) and Abbott Laboratories (collectively, Abbott). Because this court agrees with the district court that Becton and Nova are not entitled to fees on fees, pre-judgment interest, and post-judgment fees calculated specifically from the date the district court deemed the case exceptional, this court affirms.

I.

In March 2004, Becton sued Abbott in the United States District Court for the District of Massachusetts seeking a declaratory judgment of noninfringement of U.S. Patent Nos. 6,143,164 ('164 patent) and 6,592,745 ('745 patent). The product at issue was Becton's blood glucose test strip, called the BD Test Strip. In response, Abbott sued Becton for patent infringement in the Northern District of California alleging that Becton's BD Test Strip infringed the '164 patent, the '745 patent, as well as U.S. Patent No. 5,820,551 ('551 patent). The district court in Massachusetts transferred its case to the Northern

District of California. Abbott then sued Nova, Becton's supplier, alleging infringement of the same patents. In August 2005, Abbott sued Bayer Healthcare LLC (Bayer), alleging that Bayer's Microfill and Autodisc blood glucose strips infringed the '551 and '745 patents. The Northern District of California consolidated all of the cases.

The district court granted summary judgment of non-infringement for all defendants with respect to all asserted claims of the '164 and '745 patents. *Therasense, Inc. v. Becton, Dickinson & Co.*, 560 F. Supp. 2d 835, 854, 880 (N.D. Cal. 2008). The district court also found nearly all of the asserted claims of the '745 patent to be invalid due to anticipation. *Id.* Following a bench trial, the district court determined that claims 1–4 of the '551 patent were invalid due to obviousness. *Therasense, Inc. v. Becton, Dickinson & Co.*, 565 F. Supp. 2d 1088, 1127 (N.D. Cal. 2008), *vacated in part*, 649 F.3d 1276, 1296 (Fed. Cir. 2011) (en banc). The district court also held the '551 patent unenforceable for inequitable conduct. *Id.* On August 21, 2008, the district court found the case concerning the '551 patent to be exceptional and awarded Becton and Nova costs and fees under 35 U.S.C. § 285. On March 19, 2009, the district court determined that Abbott owed Becton and Nova $5,949,050 in attorney's fees with payment specifically due "following the exhaustion of all appeals . . . regarding the validity and unenforceability of the '551 patent, if the Court's inequitable conduct judgment is upheld on appeal." J.A. 14578.

Abbott appealed the district court's judgments of invalidity, unenforceability, and noninfringement. Abbott did not appeal the August 21, 2008 exceptional case finding or the March 19, 2009 fee award. On appeal, a panel of this court unanimously upheld the judgments of noninfringement and invalidity. *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1289, 1311 (Fed. Cir. 2010), *vacated*, 374 Fed. App'x. 35 (Fed. Cir. 2010). On the issue of unenforceability, a divided panel affirmed. *Id.* at 1312-25 (Linn, J.,

dissenting). Abbott then petitioned for rehearing en banc, which was granted. *Therasense*, 374 Fed. App'x. at 35.

Sitting en banc, this court reinstated, and affirmed, the panel decision regarding the district court's judgment of obviousness, noninfringement, and anticipation. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1297 (Fed. Cir. 2011) (en banc). However, after altering the standard for inequitable conduct, the en banc court vacated the district court's inequitable conduct judgment and remanded for further proceedings. *Id.* at 1285.

Applying the new standard on remand, the district court concluded anew that the '551 patent was procured through inequitable conduct. *Therasense v. Becton, Dickinson and Co.*, 864 F. Supp. 2d 856, 858 (N.D. Cal. 2012). Becton and Nova then moved to supplement the original fee award with (1) appellate and remand fees and expenses; (2) fees spent seeking additional fees; (3) pre-judgment interest on fees; and (4) post-judgment interest calculated from the 2.18% rate effective August 21, 2008, i.e., the date the district court found this case to be exceptional. On May 22, 2012, the district court reinstated its March 19, 2009 fee award and added post-judgment interest calculated from May 22, 2012. The district court denied Becton and Nova's motion for additional fees and interest in all other respects. J.A. 1.4–1.5. On December 3, 2012, Abbott paid Becton and Nova the balance specified in the reinstated March 19, 2009 fee award plus $6,389.12 in post-judgment interest.

Becton and Nova appealed the district court's denial of additional fees. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II.

Attorney's fees are authorized by statute upon a district court's finding that a case is exceptional. 35 U.S.C. § 285. A finding that a case is "exceptional" involves

underlying factual determinations which are reviewed for clear error. *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009). This court reviews a district court's award or denial of such fees for an abuse of discretion. *Id.* Willfulness and litigation misconduct are among the reasons that a court may find a case to be exceptional. *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1311 (Fed. Cir. 2013); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012). This court reviews a district court's denial of fees on fees for an abuse of discretion. *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1998). This court reviews de novo a determination of post-judgment interest. *Taltech Ltd. v. Esquel Enters. Ltd.*, 604 F.3d 1324, 1335 (Fed. Cir. 2010).

## III.

Becton and Nova first contend that they are entitled to itemized appellate and remand fees because the district court's August 21, 2008 exceptional case finding "permeated" the appeal and remand phases. They argue that these additional fees and costs should receive treatment independent of those awarded at the trial phase. For the appeal and remand phases, Becton and Nova claim fees and costs totaling $70,591 for the appeal, $927,093 for rehearing en banc, and $354,213 for remand. Becton and Nova also claim that the cost of pursuing these additional fees before the district court was $17,700, not including the present appeal. Thus, Becton and Nova seek at least an additional $1,347,297, to which they would add $569,861 in post-judgment interest calculated specifically from August 21, 2008 as well as any pre-judgment interest, yet to be determined.

Civil litigation often includes numerous phases. But a case should be viewed more as an "inclusive whole" rather than as a piecemeal process when analyzing fee-shifting under § 285. *Comm'r, INS v. Jean*, 496 U.S. 154, 161–62 (1990) ("Any given civil action can have numerous phases.

While the parties' postures on individual matters may be more or less justified . . . fee-shifting statutes[] favor[] treating a case as an inclusive whole, rather than as atomized line-items."). As this court observed in *Rohm & Haas Co. v. Crystal Chemical Co.*, parties often task the trial court with allocating costs and attorney's fees, however, "[n]either § 285 nor its legislative history distinguishes between awarding attorney fees in the district court and in the appellate court." 736 F.2d 688, 692 (Fed. Cir. 1984). Indeed, § 285 does not bar the trial court from awarding fees for the entire case, including any subsequent appeals. *Jean*, 496 U.S. at 160 ("[I]t is appropriate to allow the district court discretion to determine the amount of a fee award, given its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In this case, the district court's March 19, 2009 fee order expressly contemplated an appeal. Indeed, the district court determined that Abbott owed $5,949,050 "following the exhaustion of all appeals . . . [and only] if the Court's inequitable conduct judgment is upheld on appeal." J.A. 14578. This court vacated the district court's inequitable conduct judgment, thereby vacating the March 19, 2009 order by its express terms. *Therasense*, 649 F.3d at 1296. While the district court still found inequitable conduct on remand, its pre-existing inequitable conduct ruling was not "upheld on appeal" as required by the March 19, 2009 fee order. As such, the district court did not err in denying Becton and Nova's motion for additional fees predicated on the vacated determination of inequitable conduct.

As an alternative theory, Becton and Nova assert that Abbott's appeal and petition for rehearing en banc qualify independently as exceptional circumstances. The law provides for appellate and remand fees where those stages of litigation are deemed independently exceptional within the meaning of § 285. *See Rohm & Haas*, 736 F.2d

at 692–93 (interpreting § 285 as applicable only where the appeal itself is exceptional, and declining to award such fees where the court did not feel that the litigant truly "frustrated presentation of this case"); *see also Mathis*, 857 F.2d at 752 (finding the appeal itself to be exceptional and observing that the patentee in requesting rehearing exhibited "ignorance of reality and a persistent penchant for wasting judicial resources").

Analogizing Abbott's conduct to that of the patentee in *Mathis*, Becton and Nova characterize Abbott's continued pursuit of appellate review as a deliberate and malicious attempt to prolong the litigation and to deceive the district court. In *Mathis*, the appeal "lack[ed] even a minimally arguable basis and . . . [wa]s in major part frivolous . . . [because of] record distortions, manufactured facts, and implausible and unsupportable legal arguments." 857 F.2d at 761. In contrast, Becton and Nova present zero evidence of bad faith. Expressions of outrage and suspicion in the form of attorney argument are not evidence of bad faith. Nor does the mere act of pursuing appellate review—available as a matter of right and frequently necessary to preserve future rights of appeal—by itself suggest an abuse of the legal system.

Here, a dissent and this court's later decision to grant Abbott's petition for rehearing en banc both demonstrate that Abbott's appeal was not frivolous. *Therasense*, 593 F.3d at 1311 (Linn, J., dissenting), *vacated*, 374 Fed. App'x. 35 (Fed. Cir. 2010). Abbott developed its appeal based on the facts and reasonable legal arguments. And Abbott did, in fact, ultimately succeed on appeal in vacating the underlying judgment of inequitable conduct. *Therasense*, 649 F.3d at 1296. In this regard, § 285 only awards fees to the "prevailing" party. 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the *prevailing* party.") (emphasis added). Abbott prevailed on appeal with respect to inequitable conduct. Thus, even if the appeal itself is deemed excep-

tional, Becton and Nova cannot be deemed the "prevailing" parties.

For all the foregoing reasons, the district court did not abuse its discretion by declining to award fees for appeal, rehearing, and remand on the basis that Becton and Nova failed to establish that the appeal itself was exceptional.

Becton and Nova also argue that Abbott forced them to incur additional legal expenses on appeal and remand before paying the fees owed through trial. Citing to *Mathis*, Becton and Nova claim that Abbott owes fees and expenses for pursuing these additional fees, and any fees for the appeal regarding fees. 857 F.2d at 756 (awarding attorney's fees expressly for the preparation of the fee submission). *But see Jean*, 496 U.S. at 163 (noting that such "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation" and that such exceptions to fee litigation "theoretically can spawn a 'Kafkaesque judicial nightmare' of infinite litigation to recover fees for the last round of litigation over fees") (citing *Hensley*, 461 U.S. at 437 (explaining that a request for attorney's fees should not result in a second major litigation)).

Regardless, a district court may exercise broad discretion in awarding fees and setting the amounts of fees. *See Kilopass*, 738 F.3d at 1312; *Mathis*, 857 F.2d at 754. In this case, the district court specifically declined to find the appeal exceptional within the meaning of § 285 because the appeal itself was not frivolous and Becton and Nova presented no evidence of bad faith. To the contrary, the district court found that "Abbott had a legitimate interest to appeal the six million dollars in attorney's fees. . . . There was no litigation misconduct nor any other reason to find that Abbott's appeal was an exceptional case warranting supplemental fees . . . ." J.A. 1.4.

Moreover, the question of whether to award "fees for fees," beyond the context of § 285, is not unique to patent

law. It therefore bears additional consideration that the Ninth Circuit, in keeping with *Jean*, recognizes that fees on fees are deemed "excludable" and that no award of fees is "automatic." *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (citing *Jean*, 496 U.S. at 164 n.10). As such, the district court retains substantial discretion in fixing the amount of any award. *Jean*, 496 U.S. at 163. For all the foregoing reasons, the district court's decision not to award fees on fees to Becton and Nova is affirmed.

Becton and Nova also seek post-judgment interest calculated specifically from August 21, 2008, the date the district court found this case to be exceptional. However, where a previous judgment is vacated, any post-judgment interest must be determined based on the more recent judgment. *Taltech*, 604 F.3d at 1334–35. The district court therefore did not err in concluding that post-judgment interest should accrue only from the date of its order reinstating the prior fee award of $5,949,050. Nor did the district court err in denying Becton and Nova pre-judgment interest. Appellants' remaining arguments have been fully considered but are unpersuasive.

## IV.

For the foregoing reasons, the district court's decision to reinstate its award of attorney's fees under § 285 and to deny Becton and Nova's motion for piecemeal fees beyond the original award amount is affirmed.

**AFFIRMED**

# United States Court of Appeals
# for the Federal Circuit

THERASENSE, INC. (now known as Abbott Diabe-
tes Care, Inc.) AND ABBOTT LABORATORIES,
*Plaintiffs-Appellees,*

v.

BECTON, DICKINSON AND COMPANY AND
NOVA BIOMEDICAL CORPORATION,
*Defendants-Appellants,*

AND

BAYER HEALTHCARE LLC,
*Defendant.*

2012-1504

Appeal from the United States District Court for the
Northern District of California in Nos. 04-CV-2123, 04-
CV-3327, 04-CV-3732 and 05-CV-3117, Judge William H.
Alsup.

DYK, *Circuit Judge,* dissenting in part.

This appeal raises two principal questions: first,
whether the district court erred in concluding that an
award of appellate attorney's fees "is only warranted
where the appeal itself is an exceptional case," and sec-
ond, whether the district court erred in denying fees

incurred in securing a fee award without explanation. The majority affirms the district court on both questions. I respectfully dissent.

## I. FEES FOR THE APPEAL

The district court limited its original fee award to fees incurred before the appeal and in that order did not address fees for the appeal. After the appeal and remand, the district court denied appellate fees because it concluded the appeal was not exceptional. I recognize that a district court has considerable discretion to reduce a fee award, *see generally Bywaters v. United States*, 670 F.3d 1221, 1228-32 (Fed. Cir. 2012), and if I were sitting as a district judge, I too might be reluctant to award fees for our en banc proceeding. But the district court here did not exercise its discretion either in the original order (where the issue was not decided) or in the remand order. Rather, the district court concluded in the remand order that it could not award appellate fees unless the appeal was independently exceptional. The majority agrees. This holding, it seems to me, is contrary to Supreme Court precedent, and will potentially cause problems in future cases. I would reverse and remand for the district court to reconsider the appellate fee requests under the correct legal standard.

The district court concluded that section 285 requires a party seeking fees to establish that each stage of the litigation for which it requests fees is independently exceptional. With respect to other fee-shifting statutes, the Supreme Court has held that all phases of litigation, including appellate proceedings, are to be treated as a unitary whole, not parsed into discrete parts. *Comm'r, INS v. Jean*, 496 U.S. 154, 161–62 (1990) ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justi-fied, the [Equal Access to Justice Act, 28 U.S.C. § 2412(d)]—like other fee-shifting statutes—favors treat-

ing a case as an inclusive whole, rather than as atomized line-items."). In view of the Court's admonition that all fee-shifting statutes should be interpreted in the same way, *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989), and in the absence of any textual support, I see no reason why section 285 should be interpreted differently. Nor has the majority identified any such reason.

Of course, for *our court* to award appellate fees, we must find the appeal itself to be exceptional. *See Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984). But nothing in *Rohm & Haas* suggested that the *trial court* must find an appeal exceptional to award appellate fees. In another case, we ordered a district court to award appellate fees where the "totality of proceedings" constituted an exceptional case. *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988). And *Jean*, a later case by the Supreme Court, reaffirmed that multi-stage litigation should be treated as a unitary whole, and that appellate fees should be treated as part of the whole.

The majority affirms the district court's denial of fees in part on the basis that Becton Dickinson and Nova were not "prevailing parties" in the original appeal and en banc proceedings. *Majority Op.* at 7-8 (internal quotation marks omitted). But the Supreme Court has held that the phrase "prevailing party" applies to any party "who has established his entitlement to some relief on the merits of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 756–57 (1980); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 & n.7 (1983) ("prevailing party" is "a generous formulation that brings the plaintiff only across the statutory threshold"). Becton Dickinson and Nova prevailed on invalidity and noninfringement at both stages of the appeal. They ultimately prevailed on inequitable conduct as well. By establishing their entitlement to relief on the merits of their claims, Becton Dickinson and Nova were thus "pre-

vailing parties" under the standard set forth by the Supreme Court even if they did not completely prevail at each stage.

## II. FEES FOR FEES

The majority also upholds the district court's refusal to allow any fees accrued in the process of securing an award of fees. The Supreme Court in *Jean* made clear that awards of such fees-for-fees should reflect the degree to which the original fee request was successful. *See* 496 U.S. at 163 n.10 ("[F]ees for fee litigation should be excluded [only] to the extent that the applicant ultimately fails to prevail in such litigation." (internal quotation marks omitted)). It follows that fees for successful fee petitions should be allowed.

No case of which I am aware has upheld the blanket denial of such fees. Even the Ninth Circuit case on which the majority relies made clear that fees should be allowed for successfully securing fees. *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) ("Fees for fee litigation are excludable . . . '*to the extent* that the applicant ultimately fails to prevail in such litigation.'" (quoting *Jean*, 496 U.S. at 163 n.10)). In an earlier opinion, the Ninth Circuit surveyed fees-for-fees precedent extensively and concluded that "federal courts . . . have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). The court explained that this was because "it would be inconsistent with the purpose of the [act authorizing fees] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent establishing and negotiating his rightful claim to the fee." *Id.* at 660 (alteration and internal quotation marks omitted). Here, even under the majority's view, Becton Dickinson and Nova were entitled to substantial fees. The district court was required to allow fees to secure those fees.

I would remand to the district court to reconsider Becton Dickinson and Nova's fees requests. I respectfully dissent from the majority's affirmance.[1]

---

[1] I agree with the majority on the issues of pre-judgment and post-judgment interest.