# United States Court of Appeals
# for the Federal Circuit

---

**AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,**
*Appellants*

**v.**

**ALMIRALL, LLC,**
*Appellee*

---

2020-1106

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00608.

---

## ON MOTION

---

DENNIES VARUGHESE, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, for appellants. Also represented by ADAM LAROCK, BYRON LEROY PICKARD.

JAMES TRAINOR, IP Litigation, Fenwick & West LLP, New York, NY, for appellee. Also represented by ELIZABETH B. HAGAN, Seattle, WA.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

# O R D E R

Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (collectively, "Amneal") move to voluntarily dismiss this appeal from a final decision of the Patent Trial and Appeal Board in an inter partes review ("IPR") pursuant to Federal Rule of Appellate Procedure 42(b). Almirall, LLC agrees that the appeal should be dismissed, but asks that the court award its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285 and Rules 39 and 42. Specifically, Almirall is seeking attorney fees that were incurred for work on the IPR and in preparing its opposition to the present motion. For the following reasons, we deny that request.

## BACKGROUND

Almirall markets ACZONE® (dapsone) 7.5% topical gel, a prescription medication used to treat acne. The Food and Drug Administration ("FDA") lists two patents owned by Almirall in the Orange Book as claiming ACZONE: U.S. Patent No. 9,161,926 ("the '926 patent") and U.S. Patent No. 9,517,219 ("the '219 patent").

In advance of seeking regulatory approval to market a generic version of ACZONE, Amneal filed a petition for an IPR in February 2018 (which the Patent Office granted in August 2018) challenging claims of the '926 patent, and filed a second petition concerning the '219 patent (not the subject of this appeal) in October 2018. In February 2019, Amneal filed its Abbreviated New Drug Application with the FDA, submitting Paragraph IV certifications for the '219 patent and the '926 patent.

Almirall subsequently sued Amneal in district court, alleging infringement of only the '219 patent. Amneal filed a counterclaim seeking declaratory judgment that the '926

patent is invalid and is not infringed.  Shortly after that suit was filed, the parties engaged in settlement discussions between April 22 and 29, 2019.  The parties have differing accounts about what happened during those discussions, but there appears to be some agreement that Almirall offered to enter into a covenant-not-to-sue on the '926 patent contingent on dismissal of this IPR.

With the parties unable to reach a settlement, the underlying IPR on the '926 patent proceeded to trial on June 5, 2019.  On August 27, 2019, the Board issued its final written decision finding claims 1–6 of the '926 patent not unpatentable.  Amneal filed a timely appeal with this court on October 28, 2019.  On March 30, 2020, Amneal filed this motion to voluntarily dismiss its appeal.  Almirall argues that Amneal litigated this matter in an unreasonable manner by continuing to litigate the IPR after the covenant-not-to-sue was offered, and Almirall had asked the FDA to remove the patent from the Orange Book.  Almirall "seeks only fees and costs incurred during the relatively marginal window of time from [April 29, 2019], the date settlement negotiations were terminated, to the date of trial in the underlying IPR, June 5, 2019," Opp. at. 18, along with the fees and costs for filing the opposition to this motion.

## DISCUSSION

Generally, our legal system adheres to the "American Rule" under which "each party in a lawsuit ordinarily shall bear its own attorney's fees."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  However, in certain categories of cases, Congress has carved out exceptions to the American Rule and allowed for recovery of reasonable attorney fees.  *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561–62 (1986); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

The provision asserted here, section 285 of the Patent Act, provides that "[t]he court in exceptional cases may

award reasonable attorney fees to the prevailing party." It does not appear that we have yet had occasion to consider to what extent section 285 applies to IPR appeals. Almirall argues that the Federal Circuit is a "court" authorized by section 285 to award fees in exceptional cases and that we have authority to award fees that were incurred during the entirety of this matter, including for work at the Board before Amneal's appeal was filed. We disagree. Whether or not this court can award fees for work on appeal from a decision in an IPR, section 285 does not authorize this court to award fees for work that was done before the agency on appeal from an IPR.

We have long recognized this court's ability to award attorney fees under section 285 for work done in district court patent infringement actions. *See Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984). In that specific context, we have explained that "a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process when analyzing fee-shifting under § 285." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516–17 (Fed. Cir. 2014) (citation omitted).

Appeals from the Board are a different matter. The Court of Customs and Patent Appeals, a predecessor court whose decisions are binding on us, *see S. Corp. v. United States*, 690 F.2d 1368, 1370 (Fed. Cir. 1982) (en banc), which notably heard appeals from the Patent Office but not from district courts, on several occasions refused to read section 285 as pertaining to such administrative proceedings. Relying on the placement of section 285 in Chapter 29, the court explained that "[s]ection 285, which appears in the chapter of Title 35 concerning infringement actions, is clearly inapplicable to this court." *Reddy v. Dann*, 529 F.2d 1347, 1349 (C.C.P.A. 1976). Similarly, the court in *Meitzner v. Mindick*, 549 F.2d 775, 784 (C.C.P.A. 1977) held that section 285 did not apply to "exceptional interference cases." *See also Bowmar Instr. Corp. v. Tex. Instr., Inc.*, No. F74-137, 1978 WL 21733, at *1 (N.D. Ind.

Aug. 1, 1978) (explaining that, under *Reddy* and *Meitzner*, section 285 does "not authorize it to award fees to a party prevailing in that court in an interference proceeding").

Moreover, even were we to accept that section 285 is not limited to district court proceedings, the plain meaning of section 285's reference to "[t]he court" speaks only to awarding fees that were incurred during, in close relation to, or as a direct result of, judicial proceedings. *See Blyew v. United States*, 80 U.S. (13 Wall.) 581, 595 (1872) ("The words 'case' and 'cause' are constantly used as synonyms in statutes and judicial decisions, each meaning a proceeding in court, a suit, or action."). This language is simply inconsistent with Almirall's position that we can award fees incurred for work in Patent Office proceedings before this court has ever asserted its jurisdiction.

That conclusion, though specific to section 285, accords with conclusions reached under other fee-shifting provisions containing similar language. *See, e.g., Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1215 (11th Cir. 2009) (joining other circuits that have unanimously held that 29 U.S.C. § 1132(g)(1), which allows for fee awards in "any action under this subchapter," does not authorize awards for work done in pre-litigation administrative proceedings); *see also W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 926–27 (9th Cir. 2012) (collecting similar cases under the Equal Access to Justice Act, which provides for fees "incurred by that party in any civil action," 28 U.S.C. § 2412(d)); *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir. 1991) ("The trial judge erred in *Levernier I* by ruling that even though the consultant fees were incurred at the administrative level (and thus not in a 'civil action'), Levernier would be entitled to recover those fees.").

The cases upon which Almirall relies—*Sullivan v. Hudson*, 490 U.S. 877 (1989) and *Therasense*—are not to the contrary. It is true that in *Sullivan*, the Supreme Court

explained that fees could be awarded for administrative proceedings that are "intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees," 490 U.S. at 888. But the "narrow class of qualifying administrative proceedings" that *Hudson* was referring to were those "where 'a suit has been brought in a court,' *and* where 'a formal complaint within the jurisdiction of a court of law' *remains pending and depends for its resolution upon the outcome of the administrative proceedings." Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991) (quoting *Hudson*, 490 U.S. at 892). Similarly, in *Therasense*, while we explained that "case" under section 285 should be more viewed as an inclusive whole, 745 F.3d at 516, we were clearly only referring to district court and appellate court proceedings.

Nor are we aware of any case that would support awarding fees incurred before the Board here. We note that *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988), which was not cited, is consistent with *Hudson* and our conclusion. In *PPG*, this court allowed for the award of fees where Patent Office "proceedings substituted for the district court litigation on all issues considered by the PTO and the Board." *Id.* But it did so only with respect to fees incurred *after* the filing of a civil action, and the fees were awarded in that district court proceeding. The Patent Office proceedings were found by the district court to be intimately tied to the resolution of that action. Those are clearly not the circumstances here.*

---

\*      The court notes that the Board has its own means for regulating litigation misconduct. 37 C.F.R. § 42.12 allows the Board to impose sanctions including "attorney fees" against a party for misconduct including "[a]dvancing a misleading or frivolous argument or request for relief" and "actions that harass or cause unnecessary delay or an

AMNEAL PHARMACEUTICALS LLC v. ALMIRALL, LLC          7

For these reasons, we reject Almirall's request for attorney fees under section 285. Even if we could award fees in appeals from the Board in an IPR for work in the appellate proceedings, Almirall is impermissibly seeking fees that were incurred for work at the Patent Office before this case was commenced. Although Almirall also requests fees incurred in preparing its opposition to Amneal's motion, its contentions as to unreasonable behavior to support such an award have nothing to do with conduct before this court and entirely relate to work before the Patent Office. We therefore deny its request for fees. We also see no separate basis here to award its request for costs. We therefore grant the motion to dismiss on the terms proposed.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) The request for fees and costs is denied.

(3) Each side shall bear its own costs.

FOR THE COURT

June 4, 2020                    /s/ Peter R. Marksteiner
    Date                       Peter R. Marksteiner
                               Clerk of Court

**ISSUED AS A MANDATE**: June 4, 2020

---

unnecessary increase in the cost of the proceeding."
§ 42.12(a)(2), (7); (b)(6).