NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EXTREMITY MEDICAL, LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**NEXTREMITY SOLUTIONS, INC.,**
*Defendant-Appellant*

**ZIMMER BIOMET HOLDINGS, INC., ZIMMER, INC.,**
*Defendants*

---

2025-1160, 2025-1185

---

Appeals from the United States District Court for the District of Delaware in No. 1:22-cv-00239-GBW, Judge Gregory Brian Williams.

---

Decided: May 11, 2026

---

MICHAEL J. ZINNA, Kelley Drye & Warren, LLP, New York, NY, for plaintiff-cross-appellant. Also represented by ABHISHEK BAPNA, VINCENT FERRARO.

NICHOLAS MESITI, Heslin, Rothenberg, Farley & Mesiti,

2    EXTREMITY MEDICAL, LLC v. NEXTREMITY SOLUTIONS, INC.

P.C., Albany, NY, for defendant-appellant. Also represented by BRETT MICHAEL HUTTON, THOMAS SICA.

———————————

Before MOORE, *Chief Judge*, LOURIE and CUNNINGHAM, *Circuit Judges*.

LOURIE, *Circuit Judge*.

This appeal arises from parallel proceedings. Extremity Medical, LLC ("Extremity") sued Nextremity Solutions, Inc. ("Nextremity") for infringement of U.S. Patent 8,303,589 ("the '589 patent") in the United States District Court for the District of Delaware. That action was stayed pending resolution of an *inter partes* review ("IPR") of the '589 patent. After the Patent Trial and Appeal Board's ("the Board") final decision finding unpatentability, Nextremity moved in the district court to recover attorney fees and costs that it incurred arising from both the district court litigation and IPR proceeding under 35 U.S.C. § 285. The district court found the case was "exceptional" under § 285 and awarded attorney fees and costs to Nextremity for the district court litigation in the amount of $52,573 but denied attorney fees and costs to Nextremity in the amount of $343,660.86 for the IPR proceeding.

Nextremity now appeals from the final decision of the district court denying its motion for attorney fees and costs incurred during the IPR proceeding. *See Extremity Med., LLC v. Nextremity Sols., Inc.*, No. CV 22-239-GBW, 2024 WL 4384202, at *1 (D. Del. Oct. 3, 2024) ("*Decision*"). Extremity cross-appeals from the exceptional-case determination and award of attorney fees and costs to Nextremity for the district court litigation. *Id.* For the reasons below, we *affirm*.

## BACKGROUND

Extremity owns the '589 patent, which relates to orthopedic implant devices. J.A. 22; '589 patent col. 1 ll. 14–15. In January 2018, Extremity sent Nextremity a letter accusing a Nextremity product system of infringing claim 59 of the '589 patent. *See* J.A. 129–30. Nextremity responded, denying infringement and providing a list of prior art that it argued rendered claim 59 invalid. *Id.* The prior art included U.S. Patents 4,622,959 ("Marcus") and 6,579,293 ("Chandran"). *Id.* In November 2021, Extremity sent Nextremity another letter alleging that Nextremity's InCore Lapidus System infringed claim 59 of the '589 patent. *See Decision*, 2024 WL 4384202, at *2; J.A. 122–23. In January 2022, Nextremity responded, again denying infringement and providing a list of prior art that it argued rendered claim 59 invalid, which again included Marcus and Chandran. *Decision*, 2024 WL 4384202, at *2; J.A. 125–26.

In February 2022, Extremity sued Nextremity,[1] asserting that the InCore Lapidus System infringed claim 59 of the '589 patent. J.A. 20–33. Nextremity then filed a petition for IPR at the Board, asserting that claim 59 was unpatentable as anticipated by, *inter alia*, Marcus and Chandran. J.A. 132–94. In August 2022, the Board granted institution of the IPR. J.A. 196–230. The district court then stayed its case upon stipulation of the parties. J.A. 17; J.A. 93–95.

Before the Board, Extremity moved to amend claim 59, J.A. 248, but did not submit arguments in support of claim 59's patentability, *see* J.A. 236–42. In response to the motion to amend, the Board issued a Preliminary Guidance

---

[1] Extremity also sued Zimmer Biomet Holdings, Inc. and Zimmer Inc. for the same alleged infringement, but that case is not before us. J.A. 20–21, 24.

stating that Nextremity had shown a reasonable likelihood that the proposed substitute claim was unpatentable. J.A. 247–57. Extremity then filed a revised motion to amend claim 59. *See* J.A. 297.

In July 2023, the Board issued its final written decision finding that Nextremity proved by a preponderance of the evidence that claim 59 of the '589 patent was unpatentable as anticipated by, *inter alia*, Marcus or Chandran. J.A. 263, 267, 286–97. The Board also found Extremity's proposed substitute claim unpatentable because it would have been rendered obvious by Marcus, Chandran, and a third reference. *Id.* at 263, 320–22. The Board noted that Extremity "d[id] not provide[] specific arguments challenging [Nextremity's] position regarding the patentability of [claim 59]" with regard to both Marcus and Chandran. J.A. 286, 292. Extremity did not appeal the Board's decision. J.A. 96.

After the Board issued its final written decision, the district court lifted the stay and dismissed the action with prejudice. J.A. 17. Nextremity then moved for attorney fees and costs. J.A. 98–99. It sought attorney fees and costs incurred in both the district court litigation and the IPR proceeding under 35 U.S.C. § 285. J.A. 696–97, 710–18. The district court granted the motion with respect to the district court litigation but denied it with respect to the IPR proceeding. *Decision*, 2024 WL 4384202, at *1.

Both parties timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).[2]

---

[2]    This case was originally scheduled for oral argument, but after counsel for Extremity moved to continue the argument date, ECF 48, we determined that oral argument was not necessary and now decide the case without oral argument, *see* Fed. R. App. P. 34(a)(2).

## DISCUSSION

Nextremity appeals the denial of attorney fees and costs incurred during the IPR proceeding. Nextremity Open. Br. 7. Extremity cross-appeals the grant of attorney fees and costs incurred during the district court litigation. Extremity Open. Br. 7.

### I

We first consider Nextremity's appeal, which turns on whether the district court should have awarded attorney fees and costs under § 285 for the IPR proceeding. Nextremity Open. Br. 14. Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." We review the district court's determination as to the scope of § 285 de novo. *Dragon Intell. Prop. LLC v. DISH Network L.L.C.*, 101 F.4th 1366, 1371 (Fed. Cir. 2024) (citing *Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003)).

The district court, relying on our decision in *Dragon*, concluded that Nextremity could not recover attorney fees and costs incurred during the IPR proceeding. *Decision*, 2024 WL 4384202, at *5 (citing 101 F.4th at 1371). We agree.

In *Dragon*, we held that § 285 does not permit a party to collect attorney fees and costs from a "voluntarily undertaken parallel IPR proceeding[]." 101 F.4th at 1372. There, after the accused infringer petitioned for IPR and the district court stayed the case, the Board found the asserted claims unpatentable. *Id.* at 1369. The accused infringer then moved for attorney fees incurred during the IPR proceeding, arguing that the IPR was "part and parcel" of the district court litigation such that attorney fees and costs were recoverable under § 285. *Id.* at 1371. We rejected that argument, stating that the accused infringer strategically pursued the IPR proceeding in lieu of litigating invalidity before the district court. *Id.* In doing

so, we highlighted the voluntary nature of the IPR proceeding. *Id.* at 1371–72 (citing *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988)).

We further explained that that conclusion follows from our precedent that IPR proceedings are not "cases" under § 285, *id.* (citing *Amneal Pharms. LLC v. Almirall, LLC*, 960 F.3d 1368, 1371–72 (Fed. Cir. 2020)), and that allowing such recovery under § 285 would undermine the principle that "a district court is particularly well-positioned to determine whether a case before it is exceptional because it 'lives with the case over a prolonged period of time,'" *id.* at 1372 (quoting *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014)).

We conclude that *Dragon* applies here. Just like the accused infringer in *Dragon*, Nextremity "voluntarily pursued parallel proceedings at the Board instead of arguing invalidity before the district court." *See id.* at 1371; J.A. 132 (Nextremity's petition for IPR). And § 285 does not provide for recovery of attorney fees and costs incurred during a voluntarily undertaken parallel IPR proceeding. *Dragon*, 101 F.4th at 1372. That Nextremity notified Extremity of prior art in its pre-suit letters, that Extremity stipulated to the stay pending the IPR, or that Extremity attempted to amend claim 59 does not change the voluntary nature of the IPR proceeding; they did not compel Nextremity to argue unpatentability at the Board. *See id.* at 1371.

Nextremity's arguments to the contrary are unavailing. It first argues that the "rigid rule" from *Dragon* conflicts with the Supreme Court case of *Sullivan v. Hudson*, 490 U.S. 877 (1989). Nextremity Open. Br. 19. Specifically, Nextremity points to the language in *Sullivan* that "where administrative proceedings are *intimately tied* to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by

providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Id.* (quoting 490 U.S. at 888) (emphasis added). Nextremity argues that the IPR here was "intimately tied" to the district court action because the parties "knew in advance" that an IPR would be commenced, that the IPR decision would be binding on the parties, it would have an estoppel effect on the district court litigation, and Extremity attempted to use the IPR proceeding to amend claim 59. *Id.* at 21–22.

Those arguments are unpersuasive, as Nextremity takes the quote from *Sullivan* out of context. *Sullivan* involved a *mandatory* administrative proceeding on *remand* from a district court. 490 U.S. at 889–90. But here, there is no such mandatory administrative proceeding. As stated above, Nextremity petitioned for IPR of its own volition. Furthermore, we have previously explained that *Sullivan* applies to a "narrow class of qualifying administrative proceedings . . . where a suit has been brought in a court, and where a formal complaint within the jurisdiction of a court of law *remains pending and depends for its resolution upon the outcome of the administrative proceedings*." *Amneal*, 960 F.3d at 1372 (cleaned up) (emphasis in original). That is not the case here. The fact that the IPR may have downstream effects on district court litigation does not convert it into a proceeding "intimately tied" to the district court case under *Sullivan*. *See id.*

Nextremity finally argues that precluding the recovery of attorney fees and costs from IPR proceedings under § 285 conflicts with the "'holistic, equitable approach' that must consider the 'totality of circumstances' in determining whether a case is 'exceptional' under § 285." Nextremity Open. Br. 19–20 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 550, 553–54 (2014)). That argument too is unpersuasive. The district court considered the totality of the circumstances *in the case*

*before it*.  *See Dragon*, 101 F.4th at 1372.  As we noted in *Dragon*, if "'cases' under § 285 [were] to include IPR proceedings, district court judges would be tasked with evaluating the exceptionality of arguments, conduct, and behavior in a proceeding in which they had no involvement." *Id.*

## II

We next consider Extremity's cross-appeal, which turns on whether the district court properly considered the case to be "exceptional" under § 285.[3]  Extremity Open. Br. 7.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554.  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*  We review exceptionality determinations for an abuse of discretion. *Dragon*, 101 F.4th at 1370 (citing *Highmark*, 572 U.S. at 564).  "A district court abuses its discretion when it 'fail[s] to conduct an adequate inquiry.'" *Id.* (quoting *Atl. Rsch. Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1360 (Fed. Cir. 2011)).

The district court concluded that the case was "exceptional" because Extremity (1) conducted no pre-litigation investigation, even though it was on notice of the Marcus and Chandran prior art; (2) did not defend claim 59 before the Board; and (3) put forth no substantive

---

[3]    Section 285 also requires that Nextremity be a "prevailing party." *See* 35 U.S.C. § 285.  The parties agreed that Nextremity was a prevailing party before the district court, *Decision*, 2024 WL 4384202, at *1, and do not dispute that issue on appeal.

arguments in favor of its litigation position throughout the district court case. *Decision*, 2024 WL 4384202, at *3–5.

Extremity first argues that the district court erred by shifting the burden of proof and drawing adverse inferences against Extremity. Extremity Open. Br. 52–56. We disagree. Nextremity made a claim for attorney fees and costs, but Extremity failed to rebut the evidence regarding a lack of pre-suit investigation and validity defenses; the district court properly considered the totality of the evidence before it. *See Decision*, 2024 WL 4384202, at *3–5. There was no shifting of the burden of proof or drawing of adverse inferences.

Extremity next argues that the district court improperly weighed the evidence. Extremity Open. Br. 56–63. Again, we disagree. As stated below, the district court acted within its discretion in finding that Nextremity's pre-suit letters, when combined with Extremity's lack of pre-suit investigation and its failure to make its validity case at the district court, support an exceptional-case determination.[4]

The district court thus did not abuse its discretion in finding the case to be "exceptional" under § 285 on the record before us. Despite awareness of relevant prior art years before commencing the suit, Extremity failed to conduct any meaningful investigation into the prior art. *See Decision*, 2024 WL 4384202, at *3; *see also* J.A. 129–30. Furthermore, it did not develop or maintain a substantive validity defense for claim 59 and offered no meaningful

---

[4] Extremity, only on reply, contends that the district court abused its discretion when it considered Extremity's failure to defend claim 59 during the IPR. Extremity Reply Br. 21 (citing *Decision*, 2024 WL 4384202, at *4). To the extent that was error, it was harmless because we do not rely on it.

arguments in support of its position throughout the district court litigation.  *See Decision*, 2024 WL 4384202, at *5. Viewed together, the record reflects more than ordinary litigation weakness; it supports the district court's conclusion that Extremity's litigating position "stands out" from typical patent disputes in which parties advance and defend colorable validity theories.  *See Octane Fitness*, 572 U.S. at 554.  Extremity's asserted good-faith belief and efficiency arguments, *see* Extremity Open. Br. 47–51, do not outweigh this pattern of unsupported litigation conduct, and the district court, using the required "holistic and equitable approach," *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017), acted within its discretion in deeming the case exceptional.

## CONCLUSION

We have considered the remainder of the parties' arguments but find them unpersuasive.  For the foregoing reasons, the judgment of the district court is *affirmed*.

## **AFFIRMED**

### COSTS

No costs.